# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

FILED
2016 APR 21 P 2:02
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES OF AMERICA,

V.

NEMR HALLAK, TOLGA SUATAC,
MICHELINA PERNA,
a/k/a Michelle Perna,
a/k/a Michelle Perry,
a/k/a Sonia Perry, and
ROBERTO MANCINI,

EMC

DEFENDANT(S).

CR 16    116

---

## SUPERSEDING INDICTMENT

Title 18 U.S.C. § 1956(h) - Conspiracy to Commit Money Laundering;
Title 18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud and Wire Fraud;
Title 18 U.S.C. § 1341 - Mail Fraud;
Title 18 U.S.C. § 1343 - Wire Fraud; Criminal Forfeiture;
Title 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C § 2461(c)

A true bill.

_____ Foreman

Filed in open court this _21st_ day of

_April, 2016_

_____ Clerk

Bail, $ _____

**NO BAIL WARRANT**
as to all defendants

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☐ INDICTMENT
☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

## OFFENSE CHARGED

Count 1: 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering;
Count 2: 18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud and Wire Fraud;
Counts 3-6: 18 U.S.C. § 1341 – Mail Fraud; and
Count 7: 18 U.S.C. § 1343 – Wire Fraud

☐ Petty
☐ Minor
☐ Misde-meanor
☐ Felony

PENALTY: Please see attached.

### DEFENDANT - U.S

► NEMR HALLAK

DISTRICT COURT NUMBER

CR 16-00116 EMC

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

USPIS

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    BRIAN J. STRETCH

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Robert S. Leach

## DEFENDANT

### IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ►

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

### IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No    If "Yes" give date filed

DATE OF ARREST ►    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ►    Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT    Bail Amount: None

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:    Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT

Count One:

18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering

Maximum Penalties: 20 years imprisonment
$500,000 fine or twice the value of the monetary instrument or
funds involved in the transportation, transmission, or transfer
3 years supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
$100 special assessment (18 U.S.C. § 3013)

Count Two:

18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud and Wire Fraud

Maximum Penalties: 20 years imprisonment
$250,000 fine or not more than the greater of twice the gross gain
or twice the gross loss (18 U.S.C. § 3571)
3 years supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
$100 special assessment (18 U.S.C. § 3013)

Counts Three Through Six:

18 U.S.C. § 1341 – Mail Fraud

Maximum Penalties: 20 years imprisonment
$250,000 fine or not more than the greater of twice the gross gain
or twice the gross loss (18 U.S.C. § 3571)
3 years supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
$100 special assessment (18 U.S.C. § 3013)

Count Seven:

18 U.S.C. § 1343 – Wire Fraud

Maximum Penalties: 20 years imprisonment
$250,000 fine or not more than the greater of twice the gross gain
or twice the gross loss (18 U.S.C. § 3571)
3 years supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
$100 special assessment (18 U.S.C. § 3013)

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☐ INDICTMENT

☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

─── OFFENSE CHARGED ───

Count 1: 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering;
Count 2: 18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud and Wire Fraud;
Counts 3-6: 18 U.S.C. § 1341 – Mail Fraud; and
Count 7: 18 U.S.C. § 1343 – Wire Fraud

☐ Petty
☐ Minor
☐ Misde-
   meanor
☒ Felony

PENALTY: Please see attached.

─── DEFENDANT - U.S ───

▶ TOLGA SUATAC

DISTRICT COURT NUMBER

CR 16-00116 EMC

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)

USPIS

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO. }

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO. }

Name and Office of Person Furnishing Information on this form    BRIAN J. STRETCH

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Robert S. Leach

─── DEFENDANT ───

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction       ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No     If "Yes" give date filed }

DATE OF ARREST     Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶     Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT     Bail Amount: None

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:          Before Judge:

Comments:

# PENALTY SHEET ATTACHMENT

Count One:

    18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering

    Maximum Penalties: 20 years imprisonment
                            $500,000 fine or twice the value of the monetary instrument or
                                  funds involved in the transportation, transmission, or transfer
                            3 years supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
                            $100 special assessment (18 U.S.C. § 3013)

Count Two:

    18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud and Wire Fraud

    Maximum Penalties: 20 years imprisonment
                            $250,000 fine or not more than the greater of twice the gross gain
                                  or twice the gross loss (18 U.S.C. § 3571)
                            3 years supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
                            $100 special assessment (18 U.S.C. § 3013)

Counts Three Through Six:

    18 U.S.C. § 1341 – Mail Fraud

    Maximum Penalties: 20 years imprisonment
                            $250,000 fine or not more than the greater of twice the gross gain
                                  or twice the gross loss (18 U.S.C. § 3571)
                            3 years supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
                            $100 special assessment (18 U.S.C. § 3013)

Count Seven:

    18 U.S.C. § 1343 – Wire Fraud

    Maximum Penalties: 20 years imprisonment
                            $250,000 fine or not more than the greater of twice the gross gain
                                  or twice the gross loss (18 U.S.C. § 3571)
                            3 years supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
                            $100 special assessment (18 U.S.C. § 3013)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☐ INDICTMENT  ☒ SUPERSEDING

## OFFENSE CHARGED

Count 1: 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering;
Count 2: 18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud and Wire Fraud;
Counts 3-6: 18 U.S.C. § 1341 – Mail Fraud; and
Count 7: 18 U.S.C. § 1343 – Wire Fraud

☐ Petty
☐ Minor
☐ Misde-
   meanor
☐ ➕
☒ Felony

PENALTY:  Please see attached.

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DEFENDANT - U.S

▶ MICHELNA PERNA, a/k/a Michelle Perna, a/k/a Michelle Perry, a/k/a Sonia Perry

DISTRICT COURT NUMBER

CR 16-00116 EMC

---

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

USPIS

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

   ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO. }

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO. }

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

}

Name and Office of Person Furnishing Information on this form  BRIAN J. STRETCH

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  Robert S. Leach

---

## DEFENDANT

IS *NOT* IN CUSTODY

1) ☒ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

}  ☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

_____

Has detainer been filed?  ☐ Yes  ☐ No    If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

---

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: None

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____  Before Judge: _____

Comments:

# PENALTY SHEET ATTACHMENT

Count One:

    18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering

    Maximum Penalties:  20 years imprisonment
                           $500,000 fine or twice the value of the monetary instrument or
                                funds involved in the transportation, transmission, or transfer
                           3 years supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
                           $100 special assessment (18 U.S.C. § 3013)

Count Two:

    18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud and Wire Fraud

    Maximum Penalties:  20 years imprisonment
                           $250,000 fine or not more than the greater of twice the gross gain
                                  or twice the gross loss (18 U.S.C. § 3571)
                           3 years supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
                           $100 special assessment (18 U.S.C. § 3013)

Counts Three Through Six:

    18 U.S.C. § 1341 – Mail Fraud

    Maximum Penalties:  20 years imprisonment
                           $250,000 fine or not more than the greater of twice the gross gain
                                  or twice the gross loss (18 U.S.C. § 3571)
                           3 years supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
                           $100 special assessment (18 U.S.C. § 3013)

Count Seven:

    18 U.S.C. § 1343 – Wire Fraud

    Maximum Penalties:  20 years imprisonment
                           $250,000 fine or not more than the greater of twice the gross gain
                                  or twice the gross loss (18 U.S.C. § 3571)
                           3 years supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
                           $100 special assessment (18 U.S.C. § 3013)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☐ INDICTMENT
☒ SUPERSEDING

---OFFENSE CHARGED---

Count 1: 18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering;
Count 2: 18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud and Wire Fraud;
Counts 3-6: 18 U.S.C. § 1341 – Mail Fraud; and
Count 7: 18 U.S.C. § 1343 – Wire Fraud

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  Please see attached.

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

▶ DEFENDANT - U.S

▶ ROBERTO MANCINI

DISTRICT COURT NUMBER

CR 16-00116 EMC

---PROCEEDING---

Name of Complainant Agency, or Person (& Title, if any)

USPIS

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person Furnishing Information on this form     BRIAN J. STRETCH

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)     Robert S. Leach

### DEFENDANT

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
} ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
} If "Yes" give date filed

DATE OF ARREST     Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶     Month/Day/Year

☐ This report amends AO 257 previously submitted

---ADDITIONAL INFORMATION OR COMMENTS---

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT     Bail Amount:  None

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:     Before Judge:

Comments:

# PENALTY SHEET ATTACHMENT

Count One:

18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering

Maximum Penalties:  20 years imprisonment
$500,000 fine or twice the value of the monetary instrument or
funds involved in the transportation, transmission, or transfer
3 years supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
$100 special assessment (18 U.S.C. § 3013)

Count Two:

18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud and Wire Fraud

Maximum Penalties:  20 years imprisonment
$250,000 fine or not more than the greater of twice the gross gain
or twice the gross loss (18 U.S.C. § 3571)
3 years supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
$100 special assessment (18 U.S.C. § 3013)

Counts Three Through Six:

18 U.S.C. § 1341 – Mail Fraud

Maximum Penalties:  20 years imprisonment
$250,000 fine or not more than the greater of twice the gross gain
or twice the gross loss (18 U.S.C. § 3571)
3 years supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
$100 special assessment (18 U.S.C. § 3013)

Count Seven:

18 U.S.C. § 1343 – Wire Fraud

Maximum Penalties:  20 years imprisonment
$250,000 fine or not more than the greater of twice the gross gain
or twice the gross loss (18 U.S.C. § 3571)
3 years supervised release (18 U.S.C. §§ 3583(b) & 3559(a))
$100 special assessment (18 U.S.C. § 3013)

1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                            SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA,              )   No. CR 16-0116 EMC
                                           )
12          Plaintiff,                     )   VIOLATIONS: 18 U.S.C. § 1956(h) –
                                           )   Conspiracy to Commit Money Laundering;
13      v.                                 )   18 U.S.C. § 1349 – Conspiracy to Commit
                                           )   Mail Fraud and Wire Fraud; 18 U.S.C.
14  NEMR HALLAK,                           )   § 1341 – Mail Fraud; 18 U.S.C. § 1343 –
    TOLGA SUATAC,                          )   Wire Fraud; Criminal Forfeiture – 18 U.S.C.
15  MICHELINA PERNA,                       )   §§ 981(a)(1)(C) & 982(a)(1) & 28 U.S.C.
       a/k/a Michelle Perna,               )   § 2461(c)
16     a/k/a Michelle Perry,               )
       a/k/a Sonia Perry, and              )   SAN FRANCISCO VENUE
17  ROBERTO MANCINI,                       )
                                           )
18          Defendants.                    )
                                           )
19  _____ )

20                  S U P E R S E D I N G   I N D I C T M E N T

21  The Grand Jury charges:

22          At all relevant times unless otherwise specified:

23  COUNT ONE:        (18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering)

24          1.      NEMR HALLAK resided in Quebec, Canada.  HALLAK controlled and used the e-mail

25  accounts checktocash75@gmail.com, michaelhemmel@gmail.com, nemrhallak@gmail.com, and

26  B3atleyeha@gmail.com.

27

28

SUPERSEDING INDICTMENT
CR 16-0116 EMC

2. TOLGA SUATAC resided in Quebec, Canada. SUATAC was an officer of 9226-6162 Quebec Inc., a Canadian company that used the name "Green Gate Management Inc." SUATAC controlled and used the e-mail accounts tolga_montreal@yahoo.com and tolga@greengatekk.com.

3. MICHELINA PERNA, a/k/a Michelle Perna, a/k/a Michelle Perry, a/k/a Sonia Perry, resided in Quebec, Canada. PERNA and SUATAC were husband and wife. PERNA controlled and used the e-mail accounts michelle_perna@ymail.com, Sonia_perry@ymail.com, and michelle@greengatekk.com.

4. ROBERTO MANCINI resided in Quebec, Canada. On or about February 4, 2013, MANCINI became the sole officer of Green Gate America, Inc., which was formed on September 15, 2010, in Delaware. MANCINI controlled and used the e-mail accounts mancini.robert@sympatico.ca, robert@greengatekk.com, and brian.james5577@yahoo.com.

<u>The Conspiracy to Commit Money Laundering</u>

5. From at least in or about March 2011 through in or about May 2013, in the Northern District of California and elsewhere, the defendants,

NEMR HALLAK,
TOLGA SUATAC,
MICHELINA PERNA, and
ROBERTO MANCINI,

and others, did knowingly conspire to violate Title 18, United States Code, Section 1956(a)(2)(A) & (B).

6. It was a part and an object of the conspiracy that HALLAK, SUATAC, PERNA, MANCINI, and others would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, namely, mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343, and knowing that the monetary instruments and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful

activity, namely, mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343, in violation of Title 18, United States Code, Section 1956(a)(2)(A) & (B).

7.    From at least May 2009 through June 2014, N.M. and A.V. operated a fraudulent telemarketing scheme from Quebec, Canada. N.M. and A.V. deceived thousands of U.S. small businesses, churches, cities, and others into paying money for a phony "business listing optimization" service. N.M. and A.V. formed shell companies in Nevada, including Internet Company Services Inc., Nation Wide Business Network Inc., Search Engine Technologies Inc., and On Line Business Systems, LLC, to conduct the scheme. Victims throughout the United States were cold-called from Canada, falsely told they had agreed to purchase "business listing optimization" services, and sent bogus invoices via the U.S. mail demanding payment. Victims were directed to mail checks to addresses in the United States – addresses which were, in fact, UPS mailboxes or virtual offices – including a UPS store at 426 Howard Street in San Francisco. Thousands of victims paid based on the false and misleading calls and invoices.

8.    From at least in or about March 2011 through at least in or about May 2013, HALLAK, SUATAC, PERNA, MANCINI, and others conspired to launder the proceeds of the telemarketing scheme operated by N.M. and A.V.

<u>Means and Methods of the Money Laundering Conspiracy</u>

9.    It was a part of the conspiracy that HALLAK, SUATAC, PERNA, and MANCINI caused shell companies to be formed in Delaware and Florida by a network of nominees, who were paid in cash to be listed as officers and directors of the shell companies. The names of the shell companies generally matched the names of entities N.M. and A.V. had already formed in Nevada.

10.    As further part of the conspiracy, HALLAK, SUATAC, PERNA, and MANCINI caused the nominees to open bank accounts in the names of the shell companies at financial institutions in Florida that HALLAK, SUATAC, PERNA, and MANCINI controlled.

11.    As further part of the conspiracy, victim checks issued to entities formed by N.M. and A.V. were forwarded from UPS stores or virtual offices in the United States to an address in Montreal, Canada.

12.    As further part of the conspiracy, victim checks – initially forwarded to Canada – were delivered back to the United States and deposited in the bank accounts opened by the nominees.

13.    As further part of the conspiracy, N.M. and A.V. wired money from accounts they controlled to bank accounts opened by the nominees.

14.    As further part of the conspiracy, HALLAK, SUATAC, PERNA, and MANCINI caused funds from the bank accounts opened by the nominees to be transferred to accounts located at Canadian financial institutions.

15.    As further part of the conspiracy, HALLAK, SUATAC, PERNA, and MANCINI caused cash to be returned to N.M. and A.V.

Overt Acts

16.    In furtherance of the conspiracy and to effect the objects thereof, the following overt acts were committed in the Northern District of California and elsewhere:

a.    On or about March 22, 2011, an individual using the account daourony@yahoo.com e-mailed nemrhallak@gmail.com and tolga_montreal@yahoo.com scanned copies of checks issued to Internet Company Services, Nationwide Business Network, and Search Engine Technologies at addresses in the United States.

b.    On or about April 1, 2011, Internet Company Services was formed in Florida, listing nominee A.B. as the company's sole officer and director.

c.    On or about April 5, 2011, Nationwide Business Network Inc was incorporated in Florida, listing nominee A.G. as the sole officer and director.

d.    On or about April 8, 2011, an account, numbered xx1931, was opened at Bank of America in Florida in the name of Internet Company Services, listing nominee A.B. as the president. The account opening documents were signed by "Sonia Perry B." as "Secretary/Assistant Secretary."

e.    On or about April 12, 2011, accounts, numbered xx2072 and xx2085, were opened at Bank of America in Florida in the name of Nationwide Business Network, listing nominee A.G. as president. The account opening documents were signed by "MJ G. – assistant/sister."

f.    On or about May 6, 2011, Search Engine Technologies Inc. was incorporated in Delaware, listing nominee D.H. as the sole officer.

g.      On or about May 17, 2011, an account, numbered xx5067, was opened at JPMorgan Chase Bank in Florida in the name of Search Engine Technologies Inc., listing nominee D.H. as president.

h.      On or about July 21, 2011, Online Business Systems Inc was incorporated in Florida, listing nominee D.H. as the sole officer and director.

i.      On or about August 30, 2011, an account, numbered xx4908, was opened at Bank of America in Florida in the name of Online Business Systems Inc, listing nominee D.H. as a director.

j.      On or about September 15, 2011, an account, numbered xx9361, was opened at Wells Fargo Bank in the name of Online Business Systems DBA Online B, listing nominee D.H. as owner.

k.      On or about September 5, 2011, mancini.robert@sympatico.ca e-mailed Sonia_perry@ymail.com and tolga_montreal@yahoo.com: "Checks shipped out last week have not arrived at bank yet..... OBS - $19735.95 NBN - $17903.60 ICS - $3527.86 NWBN - $2853.84 . . . ."

l.      On or about September 6, 2011, a $17,903.60 deposit was made to Bank of America account xx2085.

m.      On or about September 6, 2011, a $2,853.84 deposit was made to Bank of America account xx2072.

n.      On or about September 7, 2011, a $7,125 wire was made from Bank of America account xx2085 to Bank of Montreal account xx871.

o.      On or about September 7, 2011, a $6,150 wire was made from Bank of America account xx2085 to Bank of Montreal account xx871.

p.      On or about September 7, 2011, a $3,196.32 wire was made from Bank of America account xx2085 to Bank of Montreal account xx871.

q.      On or about September 7, 2011, a $2,441.58 wire was made from Bank of America account xx2072 to Bank of Montreal account xx871.

r.      On or about September 9, 2011, Robert@greengatetekk.com e-mailed tolga_montreal@yahoo.com and nemrhallak@gmail.com images of checks made payable to "National Business Network." Some of the checks bore the address for "National Business Network" at 426

Howard Street, Suite 426, San Francisco, California. On or about September 13, 2011, the checks were deposited to Bank of America account xx2085.

s.    On or about February 17, 2012, the UPS store at 426 Howard Street in San Francisco forwarded 17 pieces of mail to an address in Montreal, Quebec, Canada.

All in violation of Title 18, United States Code, Section 1956(h).

COUNT TWO:    (18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud and Wire Fraud)

17.    Paragraphs 1 through 5 are re-alleged and incorporated by reference.

18.    From at least in or about January 2010 through in or about August 2014, in the Northern District of California and elsewhere, the defendants,

NEMR HALLAK,
TOLGA SUATAC,
MICHELINA PERNA, and
ROBERTO MANCINI,

and others, did knowingly conspire to violate Title 18, United States Code, Section 1341, and Title 18, United States Code, Section 1343.

19.    It was a part and an object of the conspiracy that HALLAK, SUATAC, PERNA, MANCINI, and others would and did knowingly, and with intent to defraud, devise and intend to devise a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, and, for the purpose of executing such scheme and artifice and attempting to do so, cause mail and other matter to be sent and delivered by the Postal Service and private and commercial interstate carriers and transmit and cause to be transmitted wire communications in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1341 and 1343.

Means and Methods of the Mail Fraud and Wire Fraud Conspiracy

20.    It was a part of the conspiracy that HALLAK, SUATAC, PERNA, MANCINI, and others operated a "business directory" telemarketing scam (separate from the scam operated by N.M. and A.V.). Using a variety of means, including false and misleading cold calls and bogus invoices, the defendants deceived churches, doctors' offices, non-profits, mom-and-pop stores, and small businesses into paying for business directory services they neither ordered nor received.

21.     As further part of the conspiracy, HALLAK, SUATAC, PERNA, and MANCINI caused shell companies to be formed in Florida and Delaware in the names of nominees, who were paid in cash to be listed as officers and directors of the shell companies. Many of the shell companies used the term "Yellow Pages" to suggest their operations were legitimate.

22.     As further part of the conspiracy, HALLAK, SUATAC, PERNA, and MANCINI caused the nominees and others to open bank accounts in the names of the shell companies.

23.     As further part of the conspiracy, HALLAK, SUATAC, PERNA, and MANCINI caused others to cold call victims and tell them that they had a pre-existing business relationship with a "Yellow Pages" or other entity formed by the defendants; that they had previously purchased business directory services from the defendants; and that they owed the defendants for those services. Victims were told that they owed the defendants anywhere between $400 and $1800 for a previously purchased business directory listing. Some victims were told that the fees were for the second year of a two-year contract.

24.     As further part of the conspiracy, HALLAK, SUATAC, PERNA, and MANCINI caused others to send bogus invoices, falsely stating or suggesting that victims owed for service they did not order or receive. When such initial misrepresentations were not sufficient to induce payment, victims were harassed and threatened with legal action and sent additional bogus invoices with additional charges.

25.     As further part of the conspiracy, HALLAK, SUATAC, PERNA, and MANCINI caused the nominees or others to open mailboxes or virtual offices to receive payment and to forward the mail to Canada. Proceeds from the scheme were deposited in U.S. financial institutions and wired to Canada.

26.     As a result of the conspiracy, HALLAK, SUATAC, PERNA, MANCINI, and others collected at least approximately $10.8 million.

<u>Overt Acts</u>

27.     In furtherance of the conspiracy and to effect the objects thereof, the following overt acts were committed in the Northern District of California and elsewhere:

        a.      On or about January 5, 2010, Super Business Yellow Pages Inc. was formed in Delaware, listing nominee A.S. as an officer.

b. On or about August 24, 2010, Commercial Yellow Pages Inc. was formed in Delaware, listing nominee A.G. as its sole officer.

c. On or about January 11, 2011, an invoice in the amount of $985.16 from Commercial Yellow Pages was faxed to Victim K.R. in Petaluma, California.

d. On or about February 7, 2011, Direct Yellow Pages Inc. was formed in Delaware, listing nominee A.S. and later nominee R.R. as an officer and director. Nominee D.H. also was listed as an officer at times.

e. On a date unknown prior to April 28, 2011, an invoice from Direct Yellow Pages USA was delivered to Victim J.V. in Hayward, California.

f. On or about May 11, 2011, Local Business Info Connection Inc. was formed in Delaware, listing nominee D.H. as its sole officer.

g. On or about September 16, 2011, a representative of Your Yellow Pages telephoned Victim L.L., the owner of a small business in Green Bay, Wisconsin, demanding payment of $499.95.

h. On a date unknown in or about December 2011, in a phone call with Victim H.A., a representative of Your Yellow Pages demanded payment of $499.95 for a business directory listing.

i. On or about April 23, 2012, Effective Engine Search Inc. was formed in Florida, listing nominee R.C. as its sole officer and director.

j. On or about May 31, 2012, Your Yellow Pages Inc was formed in Florida, listing nominee D.B.H. as its sole director and officer.

k. On or about October 3, 2012, Horizon Search Solutions, Inc. was formed in Florida, listing nominee T.G. as its sole officer and director.

l. On or about January 22, 2013, Yellow Book Pages, Inc. was formed in Florida, listing nominee A.H.B. as its sole director and officer.

m. On or about February 15, 2013, City Pages Inc was formed in Florida, listing nominee D.B.H. as its sole director and officer.

n. On or about February 15, 2013, Rapid Pages Inc was formed in Florida, listing nominee A.H.B. as its sole director and officer.

1          o.      On or about February 26, 2013, a representative of Your Yellow Pages caused

2 K.S.B., the office manager of a small business in Plant City, Florida, to make a $749.95 payment to

3 Your Yellow Pages.

4          p.      On March 8, 2013, an Application for Registration of Fictitious Name was filed in

5 Florida for the name "City Yellow Pages" listing City Pages Inc as the fictitious name owner.

6          q.      On or about March 14, 2013, Assurance-Com, Inc. was formed in Florida, listing

7 nominee A.R. as its sole director and officer.

8          r.      On or about April 12, 2013, Pro Market Target Inc. was formed in Florida, listing

9 nominee R.C. as its sole director and officer.

10          s.      On or about August 28, 2013, Regional Search Service Corp was formed in

11 Florida, listing nominee A.B. as an officer.

12          t.      On or about September 4, 2013, Business Yellow-Pages.Info Inc. was formed in

13 Delaware, listing nominee F.K. as its sole director and officer.

14          u.      On or about October 18, 2013, National Search Guide Inc was formed in Florida,

15 listing nominee R.B. as an officer.

16          v.      On or about October 18, 2013, Optimum Web Exposure Inc was formed in

17 Florida, listing nominee R.B. as an officer.

18          w.      On or about October 20, 2013, an invoice in the amount of $1,532.31 from City

19 Yellow Pages was faxed to Victim J.R. in Monterey, California.

20          x.      On or about January 31, 2014, Optimum Search Solutions Inc. was formed in

21 Delaware, listing nominee R.C. as its sole director.

22     All in violation of Title 18, United States Code, Section 1349.

23 <u>COUNTS THREE THROUGH SIX:</u>      (18 U.S.C. § 1341 – Mail Fraud)

24     28.      Paragraphs 1 through 5 and 18 through 28 are re-alleged and incorporated by reference.

25     29.      On or about the dates set forth below, in the Northern District of California and

26 elsewhere, the defendants,

27

28

NEMR HALLAK,
TOLGA SUATAC,
MICHELINA PERNA, and
ROBERTO MANCINI,

did knowingly, and with intent to defraud, devise and intend to devise a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, and, for the purpose of executing such scheme and artifice and attempting to do so, did knowingly place in a post office and authorized depository for mail matter a matter and thing to be sent and delivered by the Postal Service, and deposit and cause to be deposited a matter and thing to be sent and delivered by private and commercial interstate carrier, and take and receive therefrom a matter and thing, and knowingly cause to be delivered by mail and such carrier according to the direction, namely:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| THREE | 5/5/2011 | Mailing from Victim C.A. in Oakland, CA, including $100 check to Direct Yellow Pages |
| FOUR | 7/26/2011 | Mailing from Victim J.V.'s business in Hayward, CA, including $732.19 check to Direct Yellow Pages |
| FIVE | 2/25/2013 | Mailing to Victim J.L.'s business in Seaside, CA, including receipt for $399.55 payment to Your Yellow Pages |
| SIX | 6/11/2013 | Mailing to Victim J.L.'s business in Seaside, CA, including receipt for $349.96 payment to Rapid Yellow Pages |

Each in violation of Title 18, United States Code, Section 1341.

COUNT SEVEN:                (18 U.S.C. § 1343 – Wire Fraud)

30.    Paragraphs 1 through 5 and 18 through 28 are re-alleged and incorporated by reference.

31.    On or about the date set forth below, in the Northern District of California and elsewhere, the defendants,

NEMR HALLAK,
TOLGA SUATAC,
MICHELINA PERNA, and
ROBERTO MANCINI,

did knowingly, and with intent to defraud, devise and intend to devise a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, and, for the purpose of executing

such scheme and artifice and attempting to do so, did transmit, and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, namely:

| COUNT | DATE | DESCRIPTION |
|-------|------|-------------|
| SEVEN | 10/28/2013 | Faxed invoice for $1,532.31 from City Yellow Pages, 20 Commerce Drive, Suite 135, Cranford NJ 07016, Fax (855) 279-2883, to Victim J.R. in Monterey, California |

All in violation of Title 18, United States Code, Section 1343.

FORFEITURE ALLEGATION:    (18 U.S.C. §§ 981(a)(1)(C) & 982(a)(1) & 28 U.S.C. § 2461 – Forfeiture of Fraud Proceeds; Money Laundering Forfeiture)

32.      The factual allegations in Paragraphs 1 through 32 are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461.

33.      Upon conviction of the offense alleged in Count One, the defendants,

NEMR HALLAK,
TOLGA SUATAC,
MICHELINA PERNA, and
ROBERTO MANCINI,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real and personal, involved in the violation alleged in Count One.

34.      Upon conviction of any of the offenses alleged in Counts Two through Seven, the defendants,

NEMR HALLAK,
TOLGA SUATAC,
MICHELINA PERNA, and
ROBERTO MANCINI,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any property, real and personal, which constitutes or is derived from proceeds traceable to said violations, including but not limited to a sum of not less than $10.8 million, representing the amount of proceeds obtained as a result of the offenses alleged in Counts Two through Seven.

SUPERSEDING INDICTMENT
CR 16-0116 EMC

35. If, as a result of any act or omission of the defendant, any of said property

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to or deposited with a third person;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

any and all interest defendant has in any other property shall be forfeited to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461.

All in violation of Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461.

DATED: April 21, 2016                A TRUE BILL

                                    FOREPERSON

BRIAN J. STRETCH
United States Attorney

PHILIP A. GUENTERT
Deputy Chief, Criminal Division

(Approved as to form:                   )
                    AUSA ROBERT S. LEACH

**United States District Court**
**Northern District of California**

# CRIMINAL COVER SHEET

**Instructions:** Effective January 3, 2012, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.

Case Name:
NEMR HALLAK, TOLGA SUATAC,
MICHELINA PERNA, a/k/a Michelle Perna,
a/k/a Michelle Perry, a/k/a Sonia Perry and
USA v.   ROBERTO MANCINI

**Case Number:**
CR 16-00116 EMC

**Total Number of Defendants:**

1 ☐      2-7 ☑      8 or more ☐

**Is This Case Under Seal?**

Yes ☑      No ☐

**Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?**

Yes ☐      No ☑

**Venue (Per Crim. L.R. 18-1):**

SF ☑   OAK ☐   SJ ☐   EUR ☐   MON ☐

**Is any defendant charged with a death-penalty-eligible crime?**

Yes ☐      No ☑

**Assigned AUSA (Lead Attorney):**
ROBERT S. LEACH

**Is this a RICO Act gang case?**

Yes ☐      No ☑

**Date Submitted:**
04/21/16

**Comments:**

July 2013