DAVID L. ANDERSON (CABN 149604)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

SCOTT D. JOINER (CABN 223313)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    scott.joiner@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 16-00116 EMC |
| Plaintiff, | |
| v. | STIPULATED PROTECTIVE ORDER |
| NEMR HALLAK,<br>TOLGA SUATAC,<br>MICHELINA PERNA,<br>  a/k/a Michelle Perna,<br>  a/k/a Michelle Perry,<br>  a/k/a Sonia Perry, and<br>ROBERTO MANCINI, | |
| Defendants. | |

Pursuant to stipulation, the Court enters the following Protective Order:

The defendants are charged in the Superseding Indictment with one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), one count of conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 1349, four counts of mail fraud in violation of 18 U.S.C. § 1341, and one count of wire fraud in violation of 18 U.S.C. § 1343. Upon receipt of a discovery request, the United States intends to produce documents and other materials pertaining to the defendants and the charged offenses to defense counsel. The discovery materials to be provided include documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of any individual (other than his or her name), including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information");

2. Financial information of any individual or business, including without limitation bank and mortgage account records and statements, brokerage account records and statement, bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information");

3. Tax "return" and "return information" as defined in 26 U.S.C. §§ 6103(b)(1)-(3) ("Tax Information"). The government anticipates that this criminal matter may require disclosure of certain tax return information and thus constitutes a federal judicial proceeding pertaining to tax administration within the meaning of Section 6103(h)(4). *See* 26 U.S.C. § 6103(b)(4) (defining "tax administration"). The government further anticipates that disclosure may be required by 18 U.S.C. § 3500, Rule 16 of the Federal Rules of Criminal Procedure, and/or *Brady v. Maryland* and its progeny. The disclosure of such information is THEREFORE AUTHORIZED pursuant to this protective order to the extent such information qualifies for discovery under 18 U.S.C. § 3500, Rule 16 of the Federal Rules of Criminal Procedure, and/or *Brady v. Maryland* and its progeny.[1]

---

[1] Tax returns and return information may be disclosed in a federal proceeding pertaining to tax administration "to the extent required by an order of a court pursuant to Section 3500 of Title 18, United States Code, or Rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the

To ensure that Protected Information is not subject to unauthorized disclosure or misuse, IT IS HEREBY FURTHER ORDERED that:

(A) Defense counsel of record, their investigators, assistants, and employees (collectively, "the defense team") may review with the defendant all discovery material produced by the government, but shall not provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to, any discovery material produced by the government that contains Protected Information, unless the Personal Identifying Information, Financial Information, Proprietary Information and/or Tax Information has first been entirely redacted from the discovery materials.

(B) The government and defense counsel are ordered to work together to ensure that these materials are protected, while also ensuring that defendant has as much access to the materials as can be provided consistent with this Court's order.

(C) Discovery material that clearly pertains to defendant or members of his family, and does not contain Protected Information regarding any other person (e.g., defendant's own bank and financial records, telephone records, and business records) may be provided to that defendant without redaction.

(D) Defense counsel may also provide copies without redaction of documents containing Protected Information to any experts retained to assist with the preparation of the defense in the captioned case.

(E) All members of the defense team, and any experts who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.

(F) The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter, unless specifically authorized by the Court.

(G) This Order shall also apply to any copies made of any materials covered by this Order.

(H) Neither a defendant nor any member of the defense team for each defendant shall provide

---

issuance of such an order to give due consideration to congressional policy favoring the confidentiality of returns and return information ... ." 26 U.S.C. § 6103(h)(4)(D). Accordingly, the parties stipulate that it would be appropriate for the Court to authorize the government to disclose such information in this matter, pursuant to this stipulated protective order, to the extent such information qualifies for discovery under 18 U.S.C. § 3500, Rule 16 of the Federal Rules of Criminal Procedure, and/or *Brady v. Maryland* and its progeny.

any discovery material produced by the government—whether or not the material constitutes or contains Protected Information within the meaning of this Order—to any third party (i.e., any person who is not a member of the individual defendant's defense team) or make any public disclosure of any discovery material produced by the government, other than in a court filing, without the government's express written permission or further order of this Court. If a party files a pleading that references, contains, or attaches Protected Information subject to this Order, that filing must be under seal.

(I) Defense counsel shall return materials subject to this Protective Order (including any copies) to the United States within 14 days after whichever event occurs last in time: dismissal of all charges against the defendant; defendant's acquittal; defendant's sentencing; or the conclusion of any direct appeal. This return provision does not apply to discovery material that clearly pertains to defendant or members of his family, and does not contain Protected Information regarding any other person, as described above. This return provision also does not apply to Protected Information that has been redacted as described in paragraph (A), above.

After the United States receives documents and materials subject to this Order, it shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order. If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order. Defendant's attorney in any motion under 28 U.S.C. § 2255 shall return the documents and materials subject to this Protective Order within 14 days after the district court's ruling on the motion or 14 days after the conclusion of any direct appeal of the district court's order denying the motion, whichever is later.

(J) This stipulated protective order applies to all defendants who have appeared or may subsequently appear in this matter.[2]

(K) This stipulation is without prejudice to the parties applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of a party

---

[2] Defendant Mancini waived extradition and has appeared in this matter. Defendant Hallak is currently a fugitive. Defendants Suatac and Perna are currently pending extradition in Canada.

even after the conclusion of district court proceedings in this case.

STIPULATED AND AGREED.

DATE: January 28, 2019

DAVID L. ANDERSON
United States Attorney

/s/
SCOTT D. JOINER
Assistant United States Attorney

/s/
MARTIN SABELLI
Attorney for Defendant Roberto Mancini

Pursuant to stipulation, IT IS SO ORDERED.

DATED: January 28, 2019

HONORABLE EDWARD M. CHEN
United States District Judge